IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA MARIE ALLEN,                         )
                     Plaintiff,        )
    -vs-                                  )   Civil Action No. 16-278
                                                         )
NANCY A. BERRYHILL,[1]                    )
COMMISSIONER OF SOCIAL SECURITY,          )
                     Defendant.        )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff filed her applications for benefits alleging she had been disabled since June 1, 2010. (ECF No. 7-7, pp. 2, 4). Administrative Law Judge ("ALJ"), Timothy M. McGuan, held a hearing on May 22, 2015. (ECF No. 7-3). On August 5, 2015, the ALJ found that Plaintiff was not disabled under the Social Security Act for disability insurance benefits through December 31, 2012, the date last insured. (ECF No. 7-2. p. 45).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

Additionally, the ALJ found Plaintiff has been disabled for purposes of supplemental security income beginning on March 1, 2013. *Id.* Plaintiff appeals that decision. After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

**B.     Alleged Onset Date**

Plaintiff argues that the ALJ erred in determining her onset date to be March 1, 2013. (ECF No. 10, pp. 13-15). In her applications, Plaintiff asserts she has been disabled since June 1, 2010. (ECF No. 7-7, pp. 2, 4). In her brief, Plaintiff argues that there is medical evidence in the form of an MRI to support an onset date of January 13, 2011. (ECF No. 10, pp. 13-15). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

According to SSR 83-20, "[t]he onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date." In this case, the ALJ properly and carefully considered these factors. (ECF No. 7-2, pp. 35-45). First, the ALJ considered the onset date alleged by Plaintiff in her applications. (ECF No. 7-2, pp. 38-45). He also considered Plaintiff's work history. *Id.* Finally, the ALJ thoroughly considered all medical evidence, including the MRI of January 13, 2011. *Id.* After consideration of the same, the ALJ determined Plaintiff's onset date to be March of 2013. (ECF No. 7-2, pp. 37-45). Among other things, the ALJ considered the records and opinion of Plaintiff's treating physician, Dr. Singh. *Id.* Dr. Singh had been Plaintiff's treating physician since October of 2011 and had the January 2011 MRI in his file. (ECF No. 7-18, pp. 12, 16). The ALJ gave great weight to Dr. Singh's opinion that Plaintiff was "disabled from March 2013…." (ECF No. 7-2, p. 43). The ALJ found this opinion to be consistent with the objective evidence of record and examination findings. *Id.* Based on my review of the record, I find there is substantial evidence of record to support the ALJ's determination of Plaintiff's onset date of March of 2013. (ECF No. 7-2, pp. 35-45).

Because Plaintiff did not have insurance at some points prior to March of 2013, Plaintiff also argues the ALJ improperly considered her lack of medical treatment prior to March of 2013 as evidence of non-disability. (ECF No. 10, pp. 14-15). I disagree. It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014). In this case, there is no doubt the ALJ considered the same. In fact, the ALJ specifically acknowledged that Plaintiff reported to her doctor that she did not see him for a time due to her loss of insurance. (ECF No. 7-2, p. 40). Therefore, I find no

4

error in this regard.

Consequently, remand is not warranted. An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA MARIE ALLEN,  )
                                )
            Plaintiff, )
                                )
   -vs- )   Civil Action No.   16-278
                                )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
            Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 10th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                                                                                                                                        BY THE COURT:

                                                                                     s/   Donetta W. Ambrose
                                                                                     Donetta W. Ambrose
                                                                                     United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.